**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Civil Action No. 1:24-cv-_____

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    Plaintiff,

v.

**ALLEN THEATRES, INC.,**

    Defendant.                                                                                      **(JURY TRIAL DEMAND)**

**COMPLAINT**

**NATURE OF THE ACTION**

    This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Charging Party Abby Parrish and other aggrieved individuals who were adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC") alleges that Allen Theatres, Inc. ("Allen Theatres") terminated the health insurance coverage of Abby Parrish and other employees because of their age (65 or older), mandatorily required Abby Parrish to retire in 2020 because of his age and subsequently declined to rehire him in 2021 because of his age. In addition, the EEOC alleges Allen Theatres violated the ADEA by failing to maintain required records.

**JURISDICTION AND VENUE**

    **1.**    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 7(b) and 7(d) of the

1

ADEA, as amended, 29 U.S.C.§§ 626(b) and 626(d)(3) which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 216(c) and 217.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.  Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Sections 7(b) and 7(d) of the ADEA, 29 U.S.C. §§ 626(b) and 626(d)(3), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.  At all relevant times, Defendant Allen Theatres is a corporation licensed to conduct business in the State of New Mexico and has continuously employed at least 20 or more employees throughout the relevant times of this lawsuit, being 2012 through the present.

5.  At all relevant times, Allen Theatres has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.  On March 23, 2021, more than 60 days prior to the institution of this lawsuit, Abby Parrish ("Parrish") filed a charge with the EEOC alleging violations of the ADEA by Allen Theatres.

7.  The EEOC provided Allen Theatres with notice of the charge of discrimination.

8.  The EEOC investigated the charge of discrimination.

9. During its investigation the EEOC learned about Allen Theatres' policy of terminating health insurance coverage for employees 65 or older.

10. On April 11, 2024 the EEOC issued to Allen Theatres a Letter of Determination finding reasonable cause to believe that the ADEA was violated.

11. The EEOC's determination included an invitation for Allen Theatres to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. The EEOC and Allen Theatres were unable to reach an agreement through the conciliation process after a conciliation conference.

13. On May 30, 2024, the EEOC issued to Allen Theatres a Notice of Failure of Conciliation advising Allen Theatres that efforts to conciliate the charge were unsuccessful.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL ALLEGATIONS

15. At all relevant times, including 2020 and 2021, Allen Theatres operated a chain of movie theaters in New Mexico, Colorado, and Arizona. The company conducted business between three states and therefore engaged in interstate commerce.

16. In at least 2020 and 2021, Russell Allen was the President of Allen Theatres, Inc.

17. During at least 2020 and 2021, President Allen had the authority to hire and fire any of the company's theater managers, including Abby Parrish.

18. During the EEOC investigation, President Allen provided sworn testimony to EEOC investigators, which is referenced herein.

19. In July 1991, Allen Theatres hired Abby Parrish as the Manager of the Clovis, NM movie theater location.

20. If there was only one theater owned by Allen Theatres in a town, the movie theater manager was referred to as the "Town Manager". Mr. Parrish was a "Town Manager".

21. Parrish worked for Defendant for 30 years in that same position – Town Manager of the Clovis, NM theater.

22. Throughout his 30 years of employment with Allen Theatres, Parrish's work was overseen by higher lever management.

23. Throughout his 30 years of employment with Allen Theatres, Parrish was given raises and commended for his good performance in managing the Allen Theater in Clovis, NM.

24. Throughout his 30 years of employment with Allen Theatres, Parrish was never disciplined or counseled for any alleged performance deficiency or policy violation.

25. In March 2020, Allen Theatres stopped showing movies and closed all of its theaters to the public in the State of New Mexico due to the COVID pandemic orders issued by the Governor of New Mexico.

26. Between March 2020 and September 2020, Allen Theatres continued to employ some full-time staff at several of its theaters that remained open for purposes of selling theater food and concessions to the public.

27. Parrish was one of the individuals who remained employed by Allen Theatres until September 2020.

28. In September 2020, Allen Theatres implemented a company-wide reduction-in-force ("RIF") that resulted in nearly all remaining employees being laid-off, including Town Managers.

29. In September 2020, instead of laying-off Parrish as part of the company-wide RIF like the other Town Managers, Allen Theatres terminated Parrish's employment by forcing him to retire at age 72.

30. Unlike the other employees and Town Managers temporarily laid-off in the RIF, Allen Theatres ordered Parrish to be "mandatorily retired" effective the end of September 2020.

31. After the company-wide RIF in September 2020, the only remaining employees of Allen Theatres were high-level executives or family members who were owners of the company, including President Allen.

32. As part of the EEOC's investigation of Parrish's charge of discrimination, Allen Theatres' President Russell Allen, was interviewed under oath by EEOC Investigators, and testified that he was the person who decided to require that Parrish be "mandatorily retired" in September 2020.

33. President Allen testified that his decision to require Parrish's "mandatory retirement" was because of Parrish's age, which was 72 in September 2020.

34. President Allen testified that in September 2020, Parrish had all of the qualifications required of any theater manager for Allen Theatres.

35. President Allen testified that his decision to require Parrish's "mandatory retirement" was not based on any concerns about Parrish's qualifications for the position or his job performance.

36. In September 2020, Allen Theatres informed Parrish that his mandatory retirement would be effective on September 29, 2020, and he would not be considered for rehire when the theaters reopened after the COVID shutdown.

37. Allen Theatres terminated Parrish's employment effective September 29, 2020, and required his "mandatory retirement."

38. Parrish was the only employee terminated in the September company-wide RIF who was forced into "mandatory retirement" and not eligible for rehire.

39. When interviewed under oath by the EEOC, President Allen asserted that requiring Parrish's "mandatory retirement" was allowed because "by the law" Parrish was retirement age in September 2020.

40. In the spring of 2021, the COVID pandemic orders were rescinded by the New Mexico Governor, allowing retail establishments, such as movie theaters, to reopen to the public.

41. In March 2021, Allen Theatres began recalling its former theater managers who were laid-off in the September 2020 company-wide RIF.

42. President Allen testified that he preferred to rehire as many of his former managers as he could as they were the most qualified and experienced in running movie theaters.

43. President Allen testified that in March 2021, he called all of the former theater managers except Parrish.

44. President Allen testified that all of the former managers, except Parrish, were offered their jobs back.

45. President Allen testified that when he was calling the former theater managers to return to work, he did not call Parrish.

46. President Allen testified that his decision to not recall Parrish in March 2021 was based on Parrish's age, 73, which Allen considered as being "normal retirement age".

47. President Allen testified that his decision to not recall Parrish in March 2021 was based on Allen's belief that a man Parrish's age would not like working at night.

48. President Allen's belief about older men not wanting to work at night was not based on anything Parrish had said about his desired work hours to President Allen or to Allen Theatres.

49. As Allen Theatres' theater manager in Clovis, New Mexico, Parrish had worked nights for 30 years, and done so without objection.

50. In April 2021, Allen Theatres assigned Suzie Ramirez to replace Parrish as the Town Manager of the theater in Clovis, New Mexico.

51. In April 2021, Suzie Ramirez was 30 years old.

52. In April 2021, Suzie Ramirez had almost three years' experience as a theater manager in one of Allen Theatres' Arizona locations.

53. In April 2021, Suzie Ramirez was more than 40 years younger than Parrish, and significantly less experienced as a movie theater manager.

54. All of the former Town Managers that Allen Theatres rehired in April 2021 were substantially younger than Parrish.

55. Allen Theatres' decision to require Parrish's "mandatory retirement" and end his employment in September 2020 was based on his age, 72, not his qualifications for the job.

56. Allen Theatres' decision to not rehire Parrish as Town Manager in March 2021 was based on his age, 73, not his qualifications for the job.

57. Since at least 2012, Allen Theatres has engaged in a pattern or practice of discriminating against employees age 65 and older in the provision of employee health insurance coverage.

58. Specifically, Allen Theatres provides an employer-sponsored health benefits plan for its employees ("AT Health Plan" or "Plan") and terminates employees from the Plan when they reach age 65.

59. Further, Allen Theatres provides no health insurance benefits whatsoever for employees age 65 and older.

60. Allen Theatres' policy and standard practice was and is to remove employees from the AT Health Plan once the employee reaches 65 years of age.

61. Allen Theatres' policy and standard practice was and is to provide no employee health benefit plan for employees age 65 or older, or their families.

62. Pursuant to its policy and standard procedure, Allen Theatres terminated employee health coverage for Parrish and other employees, when they reached age 65.

63. The employer-sponsored health benefits plan that Allen Theatres makes available to its employees is an employee benefit plan.

64. The AT Health Plan is part of the employees' total compensation.

65. During his employment with Allen Theatres, Parrish enrolled in AT Health Plan.

66. Sometime after Parrish turned 65 years of age in 2012, Allen Theatres involuntarily removed him from the AT Health Plan.

67. After Allen Theatres removed Parrish from AT Health Plan, Parrish enrolled to receive government-provided Medicare benefits.

68. Medicare provided a lower level of benefits than the medical benefits provided under Parrish's AT Health Plan.

69. Because of the reduced benefits he was receiving under Medicare, Parrish purchased a Medicare supplemental insurance policy to make up the difference in benefits.

70. After Allen Theatres removed Parrish from the AT Health Plan, he met with Allen Theatres' President to explain the lower level of coverage that Medicare provided and the expenses he was incurring as a result of being removed from the company's Plan.

71. Parrish requested a pay increase to help cover what he was paying out-of-pocket for insurance premiums and costs for medical services that would have been covered by AT Health Plan.

72. Allen Theatres denied Parrish's requested pay increase.

73. From when Parrish turned 65 in 2012, until his "mandatory retirement" in September 2020, Allen Theaters paid Parrish less in fringe benefit compensation than what it paid Town Managers under 65 who were performing the same work and held the same positions as Parrish.

74. From when Parris turned 65 in 2012, until his "mandatory retirement" in September 2020, Allen Theaters paid Parrish less compensation because of his age, 65 or older, than its other theater managers who were less than 65 years of age.

75. Allen Theatres' decision to cease providing Parrish with health insurance benefits while he was an employee, was based on his age, 65.

76. Pursuant to its uniform policy and standard procedure, the class of aggrieved individuals consists of current and former employees of Allen Theatres who are similarly affected by the discriminatory compensation policy, the policy being that Allen Theatres terminated employee health benefits for all employees, when they reached age 65. Because of this age-based discriminatory compensation policy, a class of employees age 65 and over received less compensation for similar work than the employees younger than age 65.

77. During the EEOC investigation, Allen Theatres admitted it had not kept any personnel files for the employees at the Clovis, New Mexico theater location, including for Suzie Ramirez.

78. During the EEOC investigation, Allen Theatres admitted it had not kept any of the applications or interview notes from the time period when Allen Theatres was recalling theater managers to return to work in March 2021.

79. During the EEOC investigation, Allen Theatres failed to provide any employee benefit plan documents other than a Summary Plan Description of the AT Health Plan, and a list of employee participants in the Plan.

80. EEOC seeks damages and injunctive relief on behalf of Parrish and other aggrieved individuals who were harmed by the discriminatory compensation policies of Allen Theatres.

**FIRST CLAIM FOR RELIEF - Age Discriminatory Disparate Treatment**
**(29 U.S.C. § 623(a))**

81. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

82. Allen Theatres engaged in unlawful employment practices in violation of the ADEA pursuant to 29 U.S.C. § 623(a), by forcing Parrish's "mandatory retirement" in September 2020 because of his age (72).

83. Allen Theatres engaged in unlawful employment practices in violation of the ADEA pursuant to 29 U.S.C. § 623(a), by not rehiring Parrish in March 2021 because of his age (73).

84. Allen Theatres engaged in unlawful employment practices in violation of the ADEA pursuant to 29 U.S.C. § 623(a), by paying Parrish lower compensation than it paid the other theater managers, because of his age (65 or older).

85. The effect of Allen Theatres' actions has been to deprive Abby Parrish of equal employment opportunities and compensation because of his age and otherwise adversely affect his status as an employee or laid-off employee.

86. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 28 U.S.C. § 626(b).

### SECOND CLAIM FOR RELIEF II - Age Discriminatory Pay Practices
### 29 U.S.C. § 626(d)(3)

87. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

88. Health insurance and other fringe benefits are compensation under 29 U.S.C. § 623(a).

89. Allen Theatres engaged in unlawful employment practices in violation of the ADEA pursuant to 29 U.S.C. § 626(d)(3) by imposing an age-discriminatory compensation practice of denying employee health benefits to its employees age 65 and older, based on their age.

90. The effect of the practices complained of in paragraphs above has been to deprive Parrish and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as an employee, because of their age.

91. Because Allen Theatres terminated its employees' participation in the company-sponsored employee health benefit plan when employees reached age 65, and provided no employee health benefits for employees age 65 and over, Allen Theatres' paid lower

compensation to employees 65 and over than it paid to similarly situated younger employees who were provided employee health benefits as part of their compensation.

92. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 28 U.S.C. § 626(b).

### THRD CLAIM FOR RELIEF III – ADEA RECORD KEEPING VIOLATION
### 29 U.S.C. § 626(a).

93. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

94. Since at least September 2021, Defendant Allen Theatres has violated Section 7(a) of the ADEA, 29 U.S.C. § 626(a), by failing to make and preserve records required by the Commission necessary to the Commission's administration of the ADEA.

95. EEOC regulations require that employers retain employment records for one year from the date of the making of the record or the personnel action involved, in this case from September 28, 2020, when Parrish was "mandatorily retired". 29 C.F.R. § 1627.3(b)(1).

96. The EEOC regulations also require that once a charge of discrimination is filed, the records must be kept until final disposition, in this case from March 23, 2021, when Parrish filed his charge of discrimination, through the present. 29 C.F.R. § 1627.3(b)(3).

97. The EEOC sent Allen Theatres at least three notices advising of the company's obligation to preserve records.

   A. The EEOC's Notice of Charge was sent twice, once to a representative of Allen Theatres on April 1, 2021 and again to counsel for Allen Theatres on December 6, 2022. Both times the Notice was sent it included a preservation-of-records notice; and

      B.    The EEOC's subpoena warning letter dated February 24, 2023 also included a preservation-of-records notice.

98. Allen Theatres failed to retain or produce the required records for the requisite time after requiring Parrish to mandatorily retire.

99. Allen Theatres failed to retain or produce the required records for the requisite time after Parrish filed his charge of discrimination.

100. EEOC demands a jury trial.

## PRAYER FOR RELIEF

101. Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, attorneys and all persons in active concert or participation with them, from forcing employees to retire based on age, from using age as a criteria for terminating, hiring or rehiring employees, and from utilizing age as an age-discriminatory standard to end or deny employee benefits or other compensation to employees age 40 or older.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals age 40 and older, and eradicate the effects of Defendant's past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages and/or prejudgment interest to Abby Parrish for Allen Theatres' violations of the ADEA.

D. Order Defendant to make whole Abby Parrish by providing compensation for past and future losses resulting from the unlawful employment practices described in the foregoing paragraphs above, in amounts to be determined at trial.

  E. Order Defendant to make whole Abby Parrish who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

  F. Order Defendant to make whole Abby Parrish and other aggrieved individual who were denied participation in Defendant's company-sponsored employee health benefits plan by providing compensation for past and future losses caused by Allen Theatres' discriminatory compensation policy in amounts to be determined at trial.

  G. Order Defendant to make and preserve records required by the Commission pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a).

  H. Grant any adverse inference allowed by law as a result of Allen Theatres failure to preserve and retain records that are relevant to this case.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the EEOC its costs of this action.

RESPECTFULLY SUBMITTED this _27th_ day of September 2024,

        KARLA GILBRIDE
        General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        CHRISTOPHER LAGE
        Deputy General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street NE, 5th Floor
        Washington, DC 20507-0004

        MARY JO O'NEILL
        Regional Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Phoenix District Office
        3300 North Central Avenue, Suite 690
        Phoenix, AZ 85012

        */s/ Jeff A. Lee*
        Jeff A. Lee
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Albuquerque Area Office
        500 Gold Ave NW, Suite 6401
        Albuquerque, New Mexico 87103

**TO THE CLERK, PLEASE NOTE**:

For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the EEOC Trial Attorneys or other EEOC attorneys who have entered their appearance in the case and registered to receive ECF notices.

**Duplicate service is not required on the Regional Attorney in Arizona, or EEOC's General Counsel, Associate General Counsel or Deputy General Counsel in Washington, D.C.**