**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

v.                               Civil Action No. 1:24-cv-00965-KWR-KK

ALLEN THEATRES, INC.,

     Defendant.

---

## CONSENT DECREE

---

## I.   RECITALS

**1.**     This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, Allen Theatres, Inc., unlawfully committed age discrimination by terminating the health insurance coverage of Abby Parrish and other aggrieved individuals because of their age (65 or older), mandating that Abby Parrish retire in 2020 because of his age (73), and subsequently declining to rehire him when the Defendant reopened for business in 2021 because of his age (74). EEOC further alleges Defendant, Allen Theatres, Inc., violated the Age Discrimination in Employment Act of 1967 ("ADEA") by failing to maintain and keep records necessary to the EEOC's administration of the ADEA.

**2.**    The Parties to this Decree are the Plaintiff EEOC and the Defendant Allen Theatres, Inc. ("Allen Theatres").

**3.**    The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree this Court has jurisdiction over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

**4.**    As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

**5.**    For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.    JURISDICTION

**6.**    The Parties acknowledge and agree that the Court has jurisdiction over the Parties and subject matter of this action and waive the entry of findings of fact and conclusions of law.

## III.    TERM AND SCOPE

**7.**    **Term:**  The duration of this Decree shall be two (2) years from the date of signing by the Court.

**8.**    **Scope:** The terms of this Decree shall apply to all of Defendant's locations in New Mexico, Colorado, and Arizona.

## IV.    ISSUES RESOLVED

**9.**    This Decree resolves the claims alleged in the above-captioned lawsuit, including claims for Aggrieved Individuals, and constitutes a complete resolution of all the Commission's class claims of unlawful employment practices under the

ADEA, 29 U.S.C. §§ 626(b) and 626(d)(3) that arise from Charge of

Discrimination Number 543-2021-00134, filed by Abby Parrish and this lawsuit.

**10.**    Defendant and its officers, agents, employees, successors, and all other

persons in active concert or participation with any of them will not interfere with

the relief herein ordered but shall cooperate in the implementation of this Decree.

### V.    MONETARY RELIEF

**11.**    Judgment is hereby entered in favor of the Commission and against

Defendant in the amount $250,000 to be divided and issued by Defendant as

follows: $215,000 to Abby Parrish (one check in the amount of $107,500, less any

and all required and/or authorized deductions and withholdings, designated as

wages, with an IRS W-2 Form to issue; and one check in the amount of $107,500,

without any deductions or withholdings, designated as liquidated damages with an

IRS 1099 Form to issue); $25,000 to Charles Green (one check in the amount of

$12,500, less any and all required and/or authorized deductions and withholdings,

designated as wages with an IRS W-2 Form to issue; and one check in the

amount of $12,500 without any deductions or withholdings, designated as

liquidated damages with an IRS 1099 Form to issue); and, $10,000 to the

remaining Class of Aggrieved Individuals ("Class Settlement Amount") and whose

payments will be split evenly into two equal amounts for each Aggrieved

Individual: one check designated as wages, less any and all required and/or

authorized deductions and withholdings and an IRS W-2 Form to issue; and one

check without any deductions or withholdings, designated as liquidated damages,

with an IRS 1099 Form to issue.

Defendant shall be responsible for making required tax withholdings from the wage payments of each settlement award. In addition to the settlement amount distributed to Mr. Parrish, Mr. Green, and the class of unidentified Aggrieved Individuals, Defendant is responsible for paying the employer's share of payroll taxes on the backpay component of settlement awards. Mr. Parrish, Mr. Green, and the class of unidentified Aggrieved Individuals are otherwise responsible for paying their applicable taxes on their settlement awards.

Further, in order to receive monetary amounts under this Decree, Mr. Parrish, Mr. Green, and the Aggrieved Individuals must execute the Release in Attachment B.

**12.**     Defendant will not condition the receipt of individual relief upon Mr. Parrish's, Mr. Green's, or any other Aggrieved Individual's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive their statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Allen Theatres, Inc.'s facilities.

**13.**     Class Period Definition: the relevant class period for unidentified Aggrieved Individuals is January 1, 2016 through February 25, 2025.

**14.**     Class of Aggrieved Individuals Definition: Any current and former full-time Allen Theatres' employee, who was employed during the Class Period, whose health insurance coverage under Allen Theatres' health insurance coverage ended at or after age 65.

**15.**    To resolve the claims of the Class of Aggrieved Individuals, Defendant

shall provide EEOC a list of current and former employees who fall under the

Class Period and Class of Aggrieved Individuals definitions ("Class List"), within

thirty (30) calendar days of the Decree being entered by the Court. The Class List

will contain the following information for the Class of Aggrieved Individuals: First

Name; Last Name; Date of Birth; Last Known Email Address; Last Known Mailing

Address; Dates of Employment; Dates of Insurance Coverage (if applicable); and

Calculations for the total number of months that each Aggrieved Individual did not

receive Allen Theatres' provided health insurance between turning age 65 and

employment termination or February 25, 2025, whichever date is earlier. As the

Class Settlement Amount is limited to $10,000, the damage share will be split on

a pro rata basis between the Class of Aggrieved Individuals. To calculate the pro

rata share for each Aggrieved Individual, Defendant will first identify the combined

total number of months of non-coverage for all Aggrieved Individuals ("Eligible

Months"). The $10,000 will be divided by the number of Eligible Months to

determine a per-month allocation of the Class Settlement Amount. Each

Aggrieved Individual who completes all required steps under this Decree will

receive a per-month allocation for the number of months of qualified non-coverage

under the Class Period and Class of Aggrieved Individuals to be reviewed and

approved by the EEOC. Within sixty (60) days of receiving the Class List, the

EEOC will notify the Aggrieved Individuals of their eligibility for a monetary award

and the approximate amount of the monetary award under this decree in writing

("Class Notice").  The EEOC will provide the Class of Aggrieved Individuals with a

copy of the Release attached hereto as Attachment B ("Release"). The Class of Aggrieved Individuals will only receive a monetary award under this decree if they execute the Release and return it to the EEOC within forty-five (45) days of receiving the Class Notice. Within 90 days of receiving the Class List from the Defendant, the EEOC will provide Defendant with a final list of the Aggrieved Individuals who have provided a timely signed Release, and the exact amounts owed to each of them. Defendant shall mail the checks via certified mail to the Class of Aggrieved Individuals within 30 calendar days of Defendant's receipt of each Aggrieved Individual's executed Release. The Aggrieved Individuals shall have ninety (90) days from the date of mailing to cash the checks. Defendant shall provide the EEOC with a list within 30 days of Aggrieved Individuals who failed to cash their checks within 90 days ("Unclaimed Funds List"). Defendant shall distribute any unclaimed amount remaining from the Class Settlement Amount to Mr. Parrish and Mr. Green in equal amounts, and to be designated as liquidated damages

**16.**    Defendant will mail payments via certified mail to Abby Parrish and Charles Green within 30 days of entry of this Decree. Any unclaimed amount remaining from the Class Settlement Amount, if any, will be paid to Mr. Parrish and Mr. Green within 120 days of Defendant transmitting the Unclaimed Funds List to the EEOC.

**17.**    Within ten (10) business days after payments are mailed to payees, Defendant shall submit to EEOC a copy of the checks issued.

## VI. EEOC'S REPORTING REQUIREMENTS - IRS SECTIONS 162(F) and 6050X

**18.**     The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code which allows for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that was provided to the IRS.

**19.**     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

**20.**     The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.  The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

**21.**     The Defendant Allen Theatres, Inc.'s EIN is:  81-4241774.

**22.**     The individual at the employer to whom the EEOC should mail a copy of the form 1098-F is: Nathan Allen, Allen Theatres, Inc., 1401 Don Roser Dr. Building C., Las Cruces, NM 88011.

### VII.    OTHER INDIVIDUAL RELIEF

**23.**     Defendant shall expunge from Abby Parrish's personnel files (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; (b) any and all references to Abby Parrish's

participation in this action; and (c) any and all documents that refer, make reference to, or relate to any alleged performance deficiencies documented after Abby Parrish filed a charge of discrimination.

**24.** Within ten (10) calendar days after entry of this Decree, Defendant shall provide a letter to Abby Parrish on company letterhead.

## VIII. EQUITABLE RELIEF

### A. Injunctive Relief

**25.** Defendant, its officers, agents, successors, and other persons in active concert or participation with any of them are permanently enjoined from engaging in any employment practice which discriminates on the basis of age.

**26.** Within thirty (30) days of the entry of this decree, Defendant, its officers, agents, successors, and other persons in active concert or participation with any of them are ordered to offer health insurance coverage under the Defendant's health benefits plan to any active employee who is not currently actively enrolled in Allen Theatres' health insurance coverage, and who is also age 65 or over and to enroll or re-enroll those employees who elect coverage under Allen Theatres' plan.

**27.** Defendant, its officers, agents, successors, and other persons in active concert or participating with any of them are permanently enjoined from mandating the involuntary retirement of any employee because of their age and shall comply with the ADEA.

**28.** Defendant, its officers, agents, successors, and other persons in active concert or participation with any of them are permanently enjoined from engaging in retaliation of any kind against any person because of such person's opposition

to any practice made unlawful under the ADEA. Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of the ADEA. Defendant shall not retaliate in any manner against individuals identified as witnesses or aggrieved individuals in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

**B.    EEO Policy Review**

**29.**    Within ninety (90) calendar days of the entry of this Decree, the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform with the law and revise, if necessary.

**30.**    The written EEO policies must cover at a minimum:

**30.1.**    Prohibitions on age discrimination, including discrimination in the provision of benefits, and retaliation;

**30.2.**    A clear and complete definition of disparate treatment based on age and retaliation;

**30.3.**    A statement that discrimination based on age or retaliation is prohibited and will not be tolerated;

**30.4.**   A clear statement to persons who believe they have been discriminated or retaliated against to report such concerns;

**30.5.**   The identification of specific individuals with their titles, phone numbers and/or email addresses to whom employees can report their concerns about discrimination, harassment, or retaliation;

**30.6.**   A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**30.7.**   An assurance that Defendant will review allegations of any activity that might be construed as unlawful discrimination, conduct an investigation if necessary, and take reasonable steps to address the complaint thereafter;

**30.8.**   An assurance that appropriate corrective action will be taken by Defendant to address substantiated unlawful conduct within its workforce;

**30.9.**   A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

**30.10.** A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

**30.11.** An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

**31.**    Within thirty (30) calendar days after completion of the policy review required under Paragraphs 29 and 30 above, the written EEO policies shall be incorporated into Defendant's Employee Handbook and distributed to each current employee. The written Employee Handbook shall be distributed to all new employees when hired.  Defendant shall make the Employee Handbook available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies in compliance with the Americans with Disabilities Act.

**C.    Training**

**32.**    At least annually during the time limits of this Consent Decree, Defendant shall provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; and (e) Defendant's procedures for handling reports of discrimination or harassment.  All training under this Paragraph 32 shall be at Defendant's selection and expense.  Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing.  The training will be conducted as follows:

**32.1.   Non-managerial Employees:** During each year of this Decree, Defendant will provide non-managerial employees at least one (1) hour of EEO training. The training session will provide an overview of the anti-discrimination laws enforced by the EEOC and anti-retaliation provisions in those laws. Attendance will be

mandatory for every employee on the days of such training. The training will include topics on age discrimination, including age discrimination in provision of benefits, as well as ageist harassment and retaliation.

**32.2. Managerial and Supervisory Employees**: During each year of this Decree, Defendant will require all individuals who work as managerial or supervisory employees, including all theater managers and shift/assistant managers who have authority to discipline or discharge employees (or recommend such actions), to receive at least three (3) hours of training annually regarding the ADEA and other anti-discrimination laws enforced by the EEOC. The training must directly address age discrimination, including in the provision of benefits, as well as age-related harassment and retaliation under the ADEA, as well as the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination. Defendant shall emphasize with managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite three (3) hours of training within thirty (30) days of being hired or promoted.

**32.3. Human Resource Employees:** During each year of this Decree,

Defendant will require all individuals who work in a human resource capacity to receive at least five (5) hours of training annually regarding the ADEA and other federal anti-discrimination laws.  The Training must directly address age discrimination, including in the provision of benefits, as well as age-related harassment and retaliation under the ADEA, and instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found.  Additionally, Defendant will require employees who are newly hired or promoted into a human resource position to complete five (5) hours of general EEO training within thirty (30) days of being hired or promoted into a human resource position.

**33.**    Defendant agrees that the first such training session for each employee group identified in Paragraph 32 above will take place within one hundred and twenty (120) calendar days after the Court's entry of this Decree.  Defendant agrees that all of its personnel shall attend the training sessions.

**D.    Notice Posting**

**34.**    Within twenty-one (21) days after the Court's entry of this Decree, Defendant shall post in each of its theaters with its other bulletin board postings, the Notice attached as Attachment A to this Decree.  The Notice posted by the Defendant shall be the same type and style as set forth in Attachment A, enlarged to at least 17" x 24", and laminated.  The Notice shall remain posted for the

duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within thirty (30) calendar days of entry of this Decree that the Notice has been properly posted.

## IX.  RECORD KEEPING AND REPORTING PROVISIONS

**35.**    Defendant shall, in consultation with the outside Consultant referred to in Paragraph 29 above, create and implement a recordkeeping system that at a minimum conforms with, but should surpass, that required by 29 C.F.R. §1602.14.

**36.**    For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

**36.1.**   Applications;

**36.2.**   Personnel files;

**36.3.**   Payroll records;

**36.4.**   Job Postings;

**36.5.**   Employee benefit records, including records of payment for health plan coverage and contributions to retirement plans; and

**36.6.**   Complaints of discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

**37.**    Defendant shall provide semi-annual reports for each six-month period following the entry of this Decree.  The reports shall be due thirty (30) calendar days following the respective six-month period, except the final report which shall

be submitted to the Commission three weeks prior to the date on which the Consent Decree is to expire.

**38.     Reporting Requirements:**  Each report shall provide the following information:

 **38.1.  Reports of Discrimination**

   **38.1.1.**    For purposes of this Paragraph, the term "report of discrimination" will include any written or verbal complaint made to a manager, or of which a manager is aware, which alleges discrimination, or the witnessing of discrimination, based on age, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "ADEA," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination.

   **38.1.2.**    The report will include:

   a.      The name, address, email address, and telephone number of each person making a complaint of age discrimination to Defendant or to any federal, state, or local government agency;

   b.      The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

   c.      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the

discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what if any resolution was reached; and

d.      Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**38.2.    Complaints of Retaliation**

**38.2.1.**    For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under the ADEA or alleges retaliation for conduct which the Defendant recognizes or should have recognized as protected activity under the ADEA even if the complainant does not use legal or technical terminology.

**38.2.2.**    The report shall include:

a.      The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency;

b.      The name, address, email address, and telephone number of each person identified as a potential witness to the incident of retaliation;

c.      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what if any resolution was reached; and

d. Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**38.3. Training**

**38.3.1.** For each training program required under Paragraphs 32.1 and 32.2 and conducted during the reporting period, Defendant shall submit a registry of attendance.

**38.3.2.** For each training program required under Paragraphs 32.1, 32.2, and 32.3 and completed during the reporting period, Defendant shall provide a certificate of completion.

**38.3.3.** For each training program Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer.

**38.4. Posting of Notice**: Defendant shall recertify to the Commission that the Notice required to be posted under Paragraph 34, of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**38.5. Policy Review**: Defendant shall provide confirmation of completion to the EEOC that the EEO policy review and distribution process required under Paragraph 30 included provisions prohibiting discrimination based on age.

**38.6. Offer or Reinstatement of Health Insurance Benefits:** Defendant shall report on the status of the Defendant's offer, instatement, or reinstatement of health insurance benefits to current employees age 65 or older as required by

Paragraph 26 above.

## X. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**39.**    This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**40.**    There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission may enforce compliance herewith.

**41.**    The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**42.**    Absent extension, this Decree shall expire by its own terms at the end of two years (2) years from the date of entry without further action by the Parties.

## XI. EEOC AUTHORITY

**43.**    With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XII.  COSTS AND ATTORNEY'S FEES

**44.**    Each party shall be responsible for and shall pay its own costs and

attorney's fees.

## XIII.  NOTICE

**45.**    Unless otherwise indicated, any notice, report, or communication required

under the provisions of this Decree shall be sent by email or by certified mail,

postage prepaid, as follows:

Jeff Lee
Senior Trial Attorney
Lucia Moran
Trial Attorney
EEOC Albuquerque Area Office
500 Gold Avenue S.W., Suite 6401
Albuquerque, NM 87103
Jeff.lee@eeoc.gov
Lucia.moran@eeoc.gov

Charles W. Weese
Elizabeth A. Austin
WILLIAMS WEESE PEPPLE &
FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
cweese@williamsweese.com
eaustin@williamsweese.com

## XIV.  SIGNATURES

**46.**    The parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this 10th day of April, 2025.

BY THE COURT:

_____/S/_____

Judge Kea W. Riggs
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _MARY O'NEILL_____
MARY O'NEILL (Apr 8, 2025 16:16 PDT)

Mary Jo O'Neill
Regional Attorney

Date: Apr 8, 2025 _____

ALLEN THEATRES, INC.

By: _Nathan Allen_____
5SQU9C16C7444E8...

Nathan Allen
Executive Vice President

Date: 4/8/2025 _____

APPROVED AS TO FORM:

_JEFF A. LEE_____
JEFF A LEE (Apr 8, 2025 17:34 MDT)

Jeff Lee
Lucia Moran
Albuquerque Area Office
500 Gold Ave., SW, Suite 6401
PO Box 128
Albuquerque, NM 87103
Telephone: (505) 738-6727
jeff.lee@eeoc.gov
lucia.moran@eeoc.gov

Attorneys for Plaintiff

Signed by:
5989A42DF46544A...

Charles W. Weese
Elizabeth A. Austin
WILLIAMS WEESE PEPPLE & FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
cweese@williamsweese.com
eaustin@williamsweese.com

and

Charles J. Vigil
RODEY DICKASON et al
201 3rd Street NW, Suite 2200
Albuquerque, NM 87102
Telephone: (505) 765-5900
cvigil@rodey.com

Attorneys for Defendant

**ATTACHMENT A**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. ALLEN THEATRES, INC.,* filed in the United States District Court for the District of New Mexico, Civil Action No. 1:24-cv-00965-KWR-KK.

Management of Allen Theatres, Inc. wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment practices. Allen Theatres, Inc. seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age (40 or older), or disability.  This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

The Age Discrimination in Employment Act (ADEA) prohibits discrimination against older workers (age 40 and older) because of their age.  Further, it is unlawful for any employer to retaliate against an employee or applicant because they requested a reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because they filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because they participated in an investigation of a charge of discrimination.

Allen Theatres, Inc. respects the right of its employees and applicants for employment to work in an environment free from discrimination.  Accordingly, Allen Theatres, Inc. reaffirms its commitment to complying with the strictures of the ADEA, in that it is our policy to prohibit all discrimination based on age (40 or older).

As a condition of the Consent Decree, Allen Theatres, Inc. is required to offer and enroll in its company health insurance plan any active employees age 65 and older who wishes to participate in the plan. Also, as a condition of the Consent Decree, Allen Theatres, Inc. will not mandate the involuntary retirement of any employee because of their age.

Any employee who believes that they have suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the Albuquerque Area Office of the Equal Employment Opportunity Commission (EEOC) directly at (505) 738-6721 or at www.eeoc.gov. In compliance with federal law, no official at Allen Theatres, Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of 2 years.

Allen Theatres, Inc.

By: _____ _____
        Russell Allen, President                                      Date

ATTACHMENT B
RELEASE

In consideration for **$_____** paid to me by Allen Theatres, Inc. for the settlement of the case titled: *EEOC v. Allen Theatres, Inc*., Case No. 1:24-cv-00965-KWR-KK in the District of New Mexico ("Lawsuit"), I hereby release my rights to recover for any claims of age discrimination that arose prior to the date of this release arising under the Age Discrimination in Employment Act as set forth in the Lawsuit.

Signature: _____
Date: _____
Name: _____